### FREEDMAN v. EPSTEIN.

(Supreme Court, Appellate Term, First Department. March 4, 1915.)

1. BROKERS (§ 53*)—COMMISSIONS—WHEN EARNED.

A broker is entitled to a commission, where he was the procuring cause of a sale, though he did not actually bring the parties together, and was not present when the sale was consummated, but to recover he must clearly show that he was the efficient or procuring cause.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 74; Dec. Dig. § 53.*]

2. BROKERS (§ 86*)—COMMISSIONS—WHEN EARNED.

Evidence held not to show that a broker was the procuring cause of a sale, so that he could not recover commissions.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 116–120; Dec. Dig. § 86.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Nathan Freedman against Henry J. Epstein. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued February term, 1915, before GUY, PENDLETON, and SHEARN, JJ.

Horwitz & Feinberg, of New York City, for appellant.
Benjamin Abraham, of New York City, for respondent.

SHEARN, J. Appeal by defendant from a judgment for $167 in an action for broker's commissions for selling defendant's drug store at 196 Roebling street, Brooklyn. Defendant contends that plaintiff was not the efficient agent or procuring cause of the sale.

Plaintiff testified that defendant authorized him to procure a purchaser for the store who would pay $3,500, $1,000 cash and the balance by way of mortgage, and that thereafter he spoke to one Kobre concerning the store, and told defendant he was sending him a customer by the name of Kobre to look at the store; that thereafter the store was sold by the defendant to Kobre for $3,000, $700 being paid in cash and the balance by mortgage. Plaintiff testified that he did absolutely nothing further towards effecting the sale, and that he did not know when and with whom Kobre went to defendant's store to negotiate. Plaintiff called Kobre as his witness, who testified that he was told of defendant's store by plaintiff, but that he did not take the matter up until some time afterwards, when he was again told of the store by one Epstein, who took him to the store and succeeded in negotiating its sale to him. Kobre further testified that he never saw the plaintiff from the time plaintiff first told him about the store

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

until after he had bought it, and that several persons other than the plaintiff and the successful broker, Epstein, had told him that the store was for sale. Epstein, the broker, testified for the defendant that his business was selling drug stores; that he had brought Kobre to defendant's store, and had personally negotiated the terms of the sale; that he was assisted by one Lesser, with whom he divided the commissions. Plaintiff's business was salesman to a firm of wholesale druggists, and he learned that the drug store was for sale when visiting it for the purpose of soliciting orders in connection with his employer's business.

[1] It is true that a broker is entitled to a commission, if he is in fact the procuring cause of the sale, even though he did not actually bring the parties together and was not present when the sale was consummated. But, as was said by Mr. Justice Scott in Haase v. Ullmann, 148 App. Div. 40, 131 N. Y. Supp. 1050:

"To justify a recovery in such a case, it must be made abundantly clear that the broker was the efficient agent or procuring cause, not alone of directing the purchaser's attention to the property, but of effecting the sale. He must not only find the purchaser, but the sale must proceed from his efforts acting as broker. In short, it must affirmatively appear that the purchaser was induced to apply to the owner through the means employed by the broker."

[2] Here it is abundantly clear that the plaintiff was not the efficient agent or procuring cause of effecting the sale.

Judgment reversed, with costs, and complaint dismissed upon the merits, with costs. All concur.